

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

November 18, 2025

**BY ECF**

Honorable Jennifer L. Rochon
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

  Re: *United States v. Vladimir Artamonov*, 25 Cr. 420 (JLR)

Dear Judge Rochon:

  The parties respectfully write to propose next steps in above-captioned matter. Given that the defense has raised there is reasonable cause to believe the defendant may be suffering from a mental disease or defect raising questions about his competency to stand trial, the parties seek the appointment of a court-appointed expert pursuant to 18 U.S.C. § 4241. Although the parties have met and conferred, we do not agree on the expert to be appointed.

  The parties each propose a forensic psychologist, described below, and request that the Court appoint one of the psychologists to evaluate the defendant. The Government requests that the Court appoint Dr. Paul Montalbano, Ph.D. ABPP (Forensic). The defense requests that the Court appoint Dr. Michael O'Connell, Ph.D. ABPP (Forensic). Dr. Montalbano and Dr. O'Connell are both board certified forensic psychologists whom the parties jointly spoke with on November 13, 2025. Both doctors represented that they would be available to conduct a competency evaluation in this case in early December.  The curriculum vitae of each doctor is also attached for the Court's review.

  <u>The Government's Position</u>

  The Government submits that Dr. Paul Montalbano, Ph.D., is the most qualified of the two potential experts and should be appointed to examine the defendant. Dr. Montalbano exceeds Dr. O'Connell in experience and qualifications and Dr. O'Connell offers no legitimate advantage over Dr. Montalbano.

  Dr. Montalbano began practicing forensic psychology in 1988. He has more than thirty years of experience evaluating patients in both institutional and private settings.

  On the institutional side of things, Dr. Montalbano has been a member of the staff of numerous hospitals, including holding supervisory positions over the hospitals' forensic

psychology programs and examinations. Most recently, since in or about, 2009, Dr. Montalbano has held a position at Walter Reed National Military Medical Center, in Bethesda, Maryland. Since 2015, he has served as the Director of that facility's postdoctoral fellowship in forensic psychology.

In Dr. Montalbano's private practice, he has been appointed as a Court-appointed expert in numerous cases, including extensive experience in federal court. He has also been retained by both the prosecution and defense to conduct forensic examinations. Of the fifteen recent criminal cases he has been retained to work on since 2021, seven have involved retention by the defense,[1] six have involved retention by the Government, and two have involved appointments by the Court.[2] Dr. Montalbano has testified more than 100 times in Court concerning his forensic conclusions.

In his institutional and private practice, competency examinations are the most common examinations Dr. Montalbano has conducted. He has directly conducted more than 1,000 competency evaluations and has supervised more than 3,000 additional competency evaluations.

Dr. Montalbano is able to evaluate the defendant in early December. Although he practices in Washington D.C. and at the hospital in Bethesda, Maryland, he is willing and able to travel to Baltimore, Maryland to examine the defendant and limit any inconvenience for the defendant in travel.

The Government respectfully submits that the defense's objections to Dr. Montalbano should be set aside. First, Dr. Montalbano's association with the military hospital at Walter Reed should not interfere with his ability to fairly and completely examine the defendant. Walter Reed is the most recent in a series of institutional, hospital-setting appointments held by Dr. Montalbano. Indeed, these appointments have allowed him to develop his prodigious experience in evaluating questions of competency. Far from any impression of bias, the *majority* of Dr. Montalbano's private casework since 2021 involve retentions or proposals by the defense. Dr. Montalbano's work at Walter Reed is a far cry from anything to do with the U.S. Attorney's Office for the Southern District of New York, the Department of Justice, or prosecutors more generally.[3]

The defendant also argues that Dr. Montalbano's exposure to examining members of the military undermines his ability to fairly examine the defendant. Dr. Montalbano is a longtime professional, who still conducts examinations for private counsel, including defense counsel. There is no basis to believe Dr. Montalbano will struggle to assess and contextualize the defendant's distinct history and presentation.

---

[1] These cases include a civil wrongful conviction lawsuit where Dr. Montalbano represented the plaintiff (who had been the defendant in the underlying criminal case).

[2] In one of these two Court-appointed engagements, Dr. Montalbano was proposed by the defense.

[3] Moreover, the defendant will need to be examined, and, if he is found incompetent, his exposure to settings and physicians associated with the federal government will only increase. Indeed, if the defendant is found incompetent to stand trial, he shall be ordered into the custody of the Bureau of Prisons where he will be hospitalized and treated for up to four months to restore him to competency. 18 U.S.C. § 4241(d).

As for proximity, Dr. Montalbano (who is generally only approximately one hour from the defendant) is willing and able to conduct the examination of the defendant closer to his home. During the parties' joint call, Dr. Montalbano made clear that he has numerous colleagues in the Baltimore area who would be willing to offer their offices for the purpose of his examination of the defendant.

By contrast to Dr. Montalbano's far greater experience and longtime appointments as an expert witness for the Court, Government and defense, Dr. O'Connell is almost entirely retained as an expert for the defense.

Dr. Montalbano has more experience and has a greater track record of evenhanded appointments. There is no reason for the Court to choose another expert, as Dr. Montalbano appears to be the preeminent such examiner in the D.C.-Maryland-Virginia region.

The Defense Position

The defense proposes that the Court appoint Dr. Michael O'Connell, Ph.D., who is recognized by the American Board of Professional Psychology as a board-certified forensic psychologist. Dr. O'Connell began his practice in 1994, and over his thirty-plus-year career in the field, Dr. O'Connell has testified in approximately 170 state and federal cases on a myriad of subjects, including on the relevant issue of a defendant's competency to proceed at trial. Currently, Dr. O'Connell works strictly as a private practitioner based in Columbia, Maryland, where competency evaluations are his most common and frequent referral. In his private practice, Dr. O'Connell has been retained by both the Department of Justice and defense attorneys, as well as appointed by various courts.

While Dr. O'Connell represents that he is most often retained by the defense when concerns arise about a defendant's competency, he shared that in 60% of these cases, his findings about a defendant's competency to stand trial differed from the defense attorney's initial opinion. Hence, Dr. O'Connell's track record demonstrates that he is an objective evaluator who will not be improperly influenced by the parties in any case.

If appointed, Dr. O'Connell would be available to conduct the evaluation of Mr. Artamonov on December 2, 2025. Furthermore, he would conduct the evaluation at his office in Columbia, Maryland, which is within a twenty-minute drive of Mr. Artamonov's residence. Considering the difficulty that Mr. Artamonov has with traveling in his current mental state, and the fact that he will need to be accompanied by one of his elderly parents, the proximity of Dr. O'Connell's office weighs in favor of appointing him as the evaluator for Mr. Artamonov.

By contrast, the defense has several concerns if the Court were to appoint Dr. Montalbano as the evaluating forensic psychologist in this case. Although Dr. Montalbano has significant experience in the field, for the past fifteen-plus years, he has primarily worked for the federal government at the Walter Reed National Miliary Medical Center in Washington, D.C. As such, he lacks the outward appearance of independence that a sole private practitioner carries. Considering that Mr. Artamonov has a ███████████████████████, any semblance of

government bias would only add to the stress of what is already a highly invasive evaluation process.

Relatedly, the defense has concerns that the frequency with which Dr. Montalbano conducts competency evaluations for non-civilian populations in his current role at Walter Reed may color his competency evaluation of Mr. Artamonov, who is a civilian. Indeed, during the parties' joint call with Dr. Montalbano, he shared that it is rare for him to find that one of his patients (primarily military) is not competent. The defense worries that this lens may lead to a skewed interpretation of Mr. Artamonov's mental state.

Finally, the defense has concerns about Mr. Artamonov's proximity to Dr. Montalbano's office. Washington, D.C. is over an hour drive from Mr. Artamonov's residence. And while Dr. Montalbano represented that he would be willing to travel to conduct Mr. Artamonov's competency evaluation, he does not have an office in Maryland, and thus, would need to find a colleague who will let him borrow their office within the state. Dr. O'Connell, on the other hand, already has an established office in place within twenty minutes of Mr. Artamonov's residence, and is prepared to conduct the competency evaluation on December 2, 2025. For all of these reasons, the defense asks the Court to appoint Dr. O'Connell to conduct Mr. Artamonov's competency evaluation.

Respectfully submitted,

JAY CLAYTON
United States Attorney

by: /s/ 

Varun Gumaste
Daniel G. Nessim
Assistant United States Attorneys
(212) 637-1023 /-2486

cc: Defense Counsel (by ECF)