UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>VLADIMIR ARTAMONOV,<br>                    Defendant. | Case No. 1:25-cr-00420 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

Counsel for Defendant claims that there is reasonable cause to believe that Defendant may be suffering from a mental disease or defect that would affect his competency to stand trial. Thus, on November 18, 2025, defense counsel and the Government jointly asked the Court to appoint an expert to evaluate Defendant pursuant to 18 U.S.C. § 4241. *See* Dkt. 20.

18 U.S.C. § 4241 provides that a defendant or attorney for the government may "[a]t any time after the commencement of a prosecution . . . file a motion for a hearing to determine the mental competency of the defendant." 18 U.S.C. § 4241(a). "The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Id.* Before the hearing, "the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court." *Id.* § 4241(b). The psychiatric or psychological exam is governed by 18 U.S.C. § 4247, which requires that a court ordered examination must "be conducted by a licensed or certified psychiatrist or psychologist, or, if the court finds it appropriate, by more than one such examiner." *Id.* § 4247(b). Here, the Court

finds that there is a sufficient basis to appoint an expert to perform a psychological evaluation of Defendant's to assist in the Court's determination of Defendant's competency to stand trial.

After jointly interviewing candidates, the parties could not agree on a joint recommendation of a forensic psychologist and have instead presented the Court with two candidates, asking the Court to appoint one of them. Dkt. 20. The Government requests that the Court appoint Dr. Paul Montalbano, Ph.D. ABPP (Forensic), *id.* at 1, and defense counsel requests that the Court appoint Dr. Michael O'Connell, Ph.D. ABPP (Forensic), *id.* at 3.

The Court has reviewed the curriculum vitae of each doctor, any reported case law involving the doctors, the parties' report of information relayed during their interviews with each doctor, and the parties' arguments in support of their respective recommendation. Dkt. 20, Exs. 1, 2. Both doctors are well-qualified board-certified forensic psychologists. While the Court could appoint both experts to evaluate the Defendant, *see* 18 U.S.C. § 4247(b) (court may appoint more than one examiner), it will not do so because the parties have requested that only one expert be selected and multiple evaluations of Defendant at the same time may cause additional stress during an otherwise invasive process.

Based on the foregoing, the Court will appoint Dr. Paul Montalbano to evaluate the Defendant. Dr. Montalbano is the Director of the Postdoctoral Fellowship in Forensic Psychology at Walter Reed National Military Medical Center. He has more than thirty years of experience evaluating individuals and has been retained by both the prosecution and defense to conduct forensic evaluations, with the majority of his private casework since 2021 involving proposals or retentions by the defense. Dkt. 20 at 2. Dr. O'Connell, in contrast, is retained almost entirely as a defense expert. *Id.* at 1-2. Most importantly, Dr. Montalbano has more experience conducting and supervising competency examinations than Dr. O'Connell. Dr. Montalbano has directly conducted more than 1,000 competency evaluations and supervised

approximately 3,000 more. He has testified more than 100 times in Court concerning his forensic conclusions. *Id.* at 2.

The Court is unpersuaded by defense counsel's objections to Dr. Montalbano. First, Dr. Montalbano's employment at Walter Reed National Military Medical Center does not constitute an association with the Department of Justice or impede his ability to perform a fair psychological evaluation of Defendant. Second, even though Dr. Montalbano is located further away from Defendant (approximately one hour away), he has represented that he will travel to Defendant (and use a colleague's office) for the examination in early December, the same timeline that was suggested by Dr. O'Connell. *See id.* at 2-3.

Therefore, the Court will appoint Dr. Paul Montalbano to conduct a competency examination of Defendant pursuant to 18 U.S.C. § 4241. *See United States v. Davis*, 481 F.2d 425, 428 (4th Cir. 1973) (finding no error in district court's refusal to appoint defendant's selected doctor for a competency examination because the only "the only purpose is to provide the court with sufficient information to decide whether the defendant is competent to stand trial"). Dr. Montalbano's report shall comply with the relevant provisions of 18 U.S.C. § 4247(c).

Dated: November 24, 2025
      New York, New York

                                                SO ORDERED.

                                                *Jennifer Rochon*

                                                JENNIFER L. ROCHON
                                                United States District Judge