UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v.-

VLADIMIR ARTAMONOV,

Defendant.

Case No. 1:25-cr-00420 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

Before the Court is Defendant's May 30, 2026 letter motion for reconsideration of the appointment of Dr. Paul Montalbano to conduct a competency examination of Defendant Vladimir Artamonov. Dkt. 56. The Government opposed this request on June 3, 2026, Dkt. 58, and Defendant replied on June 5, 2026, Dkt. 63. For the following reasons, the letter motion is DENIED.

On November 24, 2025, the Court appointed Dr. Montalbano to conduct a competency examination of Defendant pursuant to 18 U.S.C. § 4241. Dkt. 21 ("November 24 Order"). In that Order, the Court considered Dr. Montalbano's qualifications, as well as Defendant's objections and requests for an alternative examiner, and concluded that Dr. Montalbano should conduct the competency examination. *Id.* Dr. Montalbano has scheduled numerous examination dates for Defendant, which were repeatedly rescheduled at Defendant's request. *See, e.g.*, Dkts. 28, 36, 42, 53. Most recently, the Court granted Defendant an extension on May 22, 2026, and he was ordered to appear for a competency evaluation by Dr. Montalbano on June 29-30, 2026. Dkt. 55.

About a week later, and after months of delaying the ordered examination, Defendant filed a motion requesting that the Court reconsider its November 24 Order appointing Dr. Montalbano as the examiner, suggesting three new alternative examiners. Defendant argues that

the Court should reconsider Dr. Montalbano's appointment because (1) Dr. Montalbano's experience conducting competency examinations is lacking, (2) Defendant would benefit from a competency examination by a medical doctor given his recent physical health issues, and (3) Dr. Montalbano has ties to the Government that call into question his independence.  Dkt. 56.  The Court is not persuaded.

First, the Court disagrees with Defendant's assessment of Dr. Montalbano's relevant experience regarding competency examinations.  As the Court has previously held, Dr. Montalbano is a qualified and appropriate examiner based on the totality of his experience accumulated over his career.  *See* November 24 Order at 2-3.  Defendant's claim that his recent experience is lacking focuses on Dr. Montalbano's private practice and ignores his work as the Director of the Post-Doctoral Fellowship in Forensic Psychology at Walter Reed National Medical Center.  There, he conducts examinations and supervises fellows who conduct 10-20 military sanity board referrals a year, which include assessments of competency to stand trial and criminal responsibility.  Dkt. 58 at 1-2.

Second, the Court does not agree that Dr. Montalbano, a forensic psychologist, should be replaced as an examiner by a medical doctor.  Dkt. 56 at 2.  The ordered examination is intended to determine if Defendant is not competent to stand trial because he is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. 4241(a).  Competency examinations are commonly conducted by psychologists, and indeed one of the alternative examiners recommended by Defendant is a psychologist.  Dkt. 56 at 4.  If Defendant is found not to be competent to stand trial, efforts will then shift to determining how competency can be restored, though medication or otherwise.

Third and finally, Dr. Montalbano's work with the government, including employment at Walter Reed National Military Medical Center, holding secret security clearance, and presenting

training materials to government entities, does not render him unable to conduct an independent and objective competency examination in this case.  Indeed, much of his involvement in various trainings illustrates his extensive experience in the field.

Dr. Montalbano was selected by the Court in November 2025 and now, after multiple adjournments to accommodate Defendant and a final date set for the examination, Defendant suggests three new proposed experts that the Government has not even had an opportunity to interview.  Defendant has not presented any persuasive reason for the Court to revisit its prior Orders, replace Dr. Montalbano at this late date with a new expert, and further delay this case.  Therefore, Defendant's request for reconsideration is DENIED.  In accordance with the November 24 Order and the Court's most recent extension, Dkt. 55, **Dr. Montalbano shall conduct the competency examination of Defendant on June 29-30, 2026**.  The Clerk of the Court is directed to terminate the motion at Dkt. 56.

Dated: June 11, 2026
     New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge

3