UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,
Plaintiff,

-against-

VLADIMIR ARTAMONOV,
Defendant.

Case No. 1:25-cr-00420 (JLR)

**OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

On August 27, 2026, the Court ordered, pursuant to 18 U.S.C. §§ 4241(b) and 4247(b), that Defendant Vladimir Artamonov ("Defendant") be designated to a suitable Bureau of Prisons ("BOP") facility so that a psychological evaluation can be performed and a report be issued to assist the Court in determining whether Defendant is competent to stand trial. Dkt. 89 (the "Order"). On September 1, 2026, Defendant asked the Court to reconsider its Order and argued that the Court has sufficient evidence to proceed to a competency hearing, based on the expert reports that have already been submitted. Dkt. 90 at 1. In the alternative, Defendant asks the Court to amend its Order to include additional conditions on the BOP examination and to preclude the administration of particular injectable medications. *Id.* at 2.

The Government filed a response to this letter motion on September 4, 2026. Dkt. 93. In opposition, the Government argues that the Defendant points to nothing the Court overlooked in its decision, refutes the merits of Defendant's arguments, and opposes his requests to amend the Court's Order. *Id.* at 1-2. For the following reasons, the Court agrees with the Government.

"This District has repeatedly stated that 'a motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Chelsea Hotel Owner LLC v. City of New York*, No. 21-cv-03982 (ALC) (RWL),

2025 WL 1603918, at *1 (S.D.N.Y. June 6, 2025) (alteration adopted) (quoting *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011)). "A motion for reconsideration should be granted only when [the movant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F. 3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

As a threshold matter, Defendant has not provided new evidence or information that would justify reconsideration. He has not identified any intervening change in the law or any new evidence, has not argued that the Court committed clear error, and does not identify any manifest injustice resulting from the Court's Order. Instead, Defendant has raised the same arguments that were previously presented to the Court, and which it rejected, prior to the issuance of its Order — namely, that another examination is unnecessary and potentially harmful, that the Court has ample information to proceed directly to a competency examination, and that Dr. Montalbano's report and recommendation for further testing is flawed.

Even considering (again) the merits of the reconsideration request, the Court will not reconsider its prior Order, because it needs more information prior to Defendant's competency hearing. Under Section 4241(b), the Court "may order that a psychiatric or psychological examination of the defendant be conducted." 18 U.S.C. § 4241(b). Such a "psychiatric or psychological examination ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or psychologist, *or, if the court finds it appropriate, by more than one such examiner*." 18 U.S.C. § 4247(b) (emphasis added). Dr. Montalbano issued his report and recommended further evaluation at a federal correctional facility where the Defendant could be comprehensively observed by a team of medical professionals, and where his medications could

be consistently administered and monitored to allow for a more accurate assessment of his competency. The report provided by Defendant's expert, Dr. Panzer, does not provide the Court with the longer-term sustained observations that Dr. Montalbano recommended. The Court finds this information remains necessary for consideration in connection with Defendant's competency hearing. Any issues that Defendant has with Dr. Montalbano's assessment can be raised during that hearing.

Defendant's argument that examination at a BOP facility is unnecessarily punitive and harmful to Defendant is not persuasive. Such an examination is expressly provided for by statute and was recommended by Dr. Montalbano, a healthcare professional, who had examined Defendant extensively and was aware of his medical history and conditions. *See* 18 U.S.C. § 4247(b) ("For the purposes of an examination pursuant to an order under section 4241, 4244, or 4245, the court may commit the person to be examined for a reasonable period, but not to exceed thirty days, and under section 4242, 4243, 4246, or 4248, for a reasonable period, but not to exceed forty-five days, to the custody of the Attorney General for placement in a suitable facility."). The Court further declines to proscribe the specific testing to be conducted by the BOP psychological team assessing Defendant, as those decisions are best left to the team to determine based on the circumstances and conditions exhibited by Defendant at the time. To the extent Defendant takes issue with the tests conducted or the information relied upon by the BOP forensic psychologist, those issues can be raised at the competency hearing.

As for Defendant's final request that no long-acting injectable medications be administered without Court order, the Government has represented that no such medication will be administered without Defendant's consent during the competency evaluation phase. Dkt. 93 at 2-3.

For these reasons, Defendant's letter motion for reconsideration is DENIED. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 90.

Dated: September 9, 2026
New York, New York

SO ORDERED.

Jennifer Rochon

JENNIFER L. ROCHON
United States District Judge